## COBB *v*. THE REGISTRAR OF PROPERTY.

### APPEAL from a Decision of the Registrar of Property of Caguas.

No. 19.—Decided December 21, 1907.

RIGHT OF REDEMPTION—DURATION THEREOF.—Where in a deed of purchase and sale executed prior to the date on which the Spanish Civil Code went into effect, there was reserved a right of redemption in favor of the vendor to be exercised at any time, the term within which such right might be exercised was 10 years, in accordance with the provisions of section 1508 of said Code, in relation with the fourth transitory provision thereof.

ID.—EXTINGUISHMENT OF THE RIGHT—MARGINAL NOTE OF CONSUMMATION OF SALE.—Under the doctrine referred to in the foregoing paragraph, after the expiration of 10 years from the time when the Civil Code went into effect, the right of redemption established prior to the promulgation thereof must be deemed to have become estinguished if within that period the same should not have been exercised, and it is proper for the registrar, at the instance of the party in interest, to enter a marginal note of the consummation of the sale. in accordance with the provisions of article 16 of the Mortgage Law.

ID.—The exercise of the power of the registrar in this  case in entering the marginal note of the consummation of the sale does not render null and void a record appearing in the registry, but a declaration as to the extinguishment of a right for failure to exercise the same, which the registrar is fully empowered to do in accordance with the provisions of article 82 of the Mortgage Law, inasmuch as the right recorded must be deemed to have been extinguished in this case by the provisions of section 1508 of the Civil Code.

The facts are stated in the opinion.

*Mr. Díaz Navarro* for appellant.

MR. CHIEF JUSTICE QUIÑONES delivered the opinion of the court.

This is an appeal taken by Attorney Herminio Díaz Navárro from a decision of the Registrar of Property of Caguas, refusing to enter a notice that the period of redemption contained in a contract had expired.

By public deed executed in the *barrio* of Gurabo Alto, jurisdiction of Juncos, before José Celestino Schroder, a notary, on May 22, 1874, Francisca López sold to Jaime Sala, as the agricultural partner of the firm of Salas Dávila & Co., two rural estates belonging to her, one having an area of 40 *cuérdas*, situated in the *barrio* of Hato Nuevo in the Municipal District of Gurabo, and the other having 13.5 *cuerdas*, situated in the *barrio* of Los Lirios of the Municipal District of Juncos, for the price and sum of 3,406.98 *pesos*, in the money current at the time of the execution of the deed, for a like sum which she owed the vendee firm of Salas Dávila & Co. as the balance of an account, under the condition that the said 53.5 *cuerdas* of land were to be restored to her at any time that the vendor, Francisca López, could return to the vendees in full the 3,406.98 *pesos* which they had paid on account. This deed is recorded in the Registry of Property of Caguas at folio 5 of Gurabo, estate No. 259, first record, as shown by the certificate placed on the back of said deed by the registrar of property of that district.

Subsequently—that is to say, on July 6, 1907—Attorney Herminio Díaz Navárro, in the name of J. B. Cobb, as an alleged coowner of the tract of 40 *cuerdas* to which the deed

described in the preceding paragraph refers, having pur-
chased it under deed executed in his favor on July 28, 1906,
also recorded in the said registry of property, made a petition
to the Registrar of Property of Caguas to the effect that the
10 years fixed by article 1508 of the former Civil Code as the
maximum period of the duration of conventional redemption,
in the event of a period having been fixed by the parties hav-
ing expired, and that neither the vendor, Francisca López,
nor any of her successors having availed themselves of said
right the proper marginal note be entered to the effect that
the period for the exercise of the right of redemption had
expired and that the sale was consummated in favor of the
petitioner, which the registrar denied on the grounds set forth
in the decision which he wrote at the foot of said petition,
which reads as follows:

"The record of the consummation of the sale of 40 *cuerdas* of land
comprised in the foregoing document, applied for in the accompany-
ing petition by Herminio Díaz as the attorney of J. B. Cobb, is denied,
and in lieu thereof a cautionary notice has been entered effective for a
period of 120 days, at folio 132 of volume 5 of Gurabo, estate No.
259, in the margin of the first record, on the following grounds which
constitute an incurable defect; because the sale made by Francisca
López to the firm of Sala Dávila & Co. having been executed on May
22, 1874, with an agreement of an indefinite period of redemption, is
legal according to an opinion of the Supreme Court of Spain, of De-
cember 3, 1864, in which the doctrine was established that in an agree-
ment of redemption, as in any contract, it is lawful for the contract-
ing parties to stipulate such possible and honorable conditions as they
might see fit, including that of establishing the period which they may
see fit, which period (Law 42, title 5, *partida* 5) left to the free will
of the contracting parties, and although a decision of the Supreme
Court of Spain subsequent to said contract, dated May 12, 1875, for-
mally established that agreements of perpetual redemption were al-
ways void, and article 1508 of the Spanish Civil Code, in a very clear
manner, later established the legal period of four years with respect
to conventional redemption to recover the thing sold in the absence of
an express agreement, and in the case of an agreement, it provided that
said period should not exceed 10 years; the fact is that both to con-

sider the agreement of redemption, the subject of said contract, to be in conflict with the laws governing prescription, and to declare the nullity of said period, in so far as it exceeds the said 10 years, this power is vested solely and exclusively in the courts of justice, according to a decision of the General Directorate of Registries of February 20, 1875; because whatever be the opinion of the registrar as to the effects of this resolutory condition, it must be considered valid and in force for record in the registry until its nullity shall have been judicially declared, which declaration cannot be obtained administratively because although registrars have the power to classify the nullity or validity of acts or contracts subject to record, and consequently the conditions embodied therein which produce their nullity, that is not the case with regard to conditions like that under consideration which do not in themselves produce the nullity of the contract recorded. Furthermore, obligations or conditions, after having been recorded in the registry, although void, are under the protection of the courts, and registrars of property cannot annul or amend them. With regard to the decisions cited in the petition attached on May 18, 1865, and the Royal Order of September 27, 1867, they are not applicable because they refer only to a case in which a period for the redemption is expressly stipulated, and such period has already expired. Caguas, October 17, 1907."

Attorney Herminio Díaz Navárro, in due time, took this appeal from said decision on behalf of J. B. Cobb seeking the reversal thereof and the issuance of an order to the Registrar of Property of Caguas to make the proper marginal record of the consummation of the sale of the estate in question in favor of the appellant, J. B. Cobb.

According to article 16 of the Mortgage Law in force in this Island, the compliance or noncompliance with conditions precedent and the nonfulfillment of conditions subsequent, or conditions involving rescission, contained in recorded instruments or contracts, shall be recorded in the registry by means of a marginal note.

Although the deed of May 22, 1874, executed by Francisca López and Jaime Salas as a partner of Salas Dávila & Co., referred to in the first statement of fact, stipulated that at any time that the vendor should return to the vendee the 3,406.98

*pesos* which she had received from the latter for the 53.5 *cuerdas* of land which she had sold them, such lands were to be returned to her by said vendees, the period within which Francisca López, or any of her successors, could exercise their right to repurchase the estates sold, must be understood to have been reduced to 10 years in accordance with the provisions of article 1508 of the Civil Code of Spain extended to this Island by Royal Decree of July 31, 1889, according to which conventional redemption, in the absence of an express agreement, shall last four years counted from the date of the contract; and, should there be an agreement, the period shall not exceed 10 years, in relation with the fourth transitory provisions of said Code to the effect that "actions and rights arising before this Code became operative, and not exercised, shall continue with the extension and according to the terms recognized by prior legislation, but with regard to the exercise, duration, and proceedings for enforcing them, shall be subject to the provisions of this Code.

Therefore, as much more than 10 years have elapsed since January 1, 1890, when the Civil Code went into effect in this Island, without Francisca López, or any of her successors, having exercised the right to redeem the estate in question, such right must be considered to have extinguished, and the registrar should, upon the request of the person who appears to be the owner thereof according to the registry, enter the marginal note of the consummation of the sale, in accordance with the provisions of article 16 of the Mortgage Law and other concordant provisions of the Regulations for its execution.

Therefore, as it is not sought in this case to annul a record in the registry of property, but to declare the extinguishment of a right recorded in the registry for the reason that it has not been asserted by the parties interested within the term fixed for the duration thereof. and for which the registrar has full power, according to article 82 of the Mortgage Law,

according to which registrars may cancel any record or cautionary notice made by virtue of a public document, without any court so ordering, and without the agreement of the parties interested, among other cases, "when the interest recorded is extinguished by a declaration of law", as occurs in this case, in which by the provisions of article 1508 of the former Civil Code, the period for the redemption cannot exceed 10 years, when the parties have stipulated a term for its duration.

In view of the provisions of law cited, the decision of the Registrar of Property of Caguas is reversed, and it is held that the marginal note applied for by the appellant, J. B. Cobb, with relation to the consummation of the sale of the rural estate referred to in this appeal, must be entered, and it is ordered that the documents presented be returned to the said registrar of property together with a certified copy of this decision in order that he may comply therewith in accordance with the law.

*Reversed.*

Justices Hernández, Figueras, MacLeary and Wolf concurred.